IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
August 14, 2006

CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JOHN ALDRIDGE, | § |
| Plaintiff, | § |
| v. | § Civil Action No. 7:06-cv-007-R |
| UNITED STATES OF AMERICA, | § |
| Defendant. | § |

## MEMORANDUM OPINION

Now before the Court is Defendant United States of America's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon which relief may be granted (Dkt No. 6). For the reasons stated below, the Court **GRANTS** Defendant's motion.

### I. BACKGROUND

In 2001, Plaintiff John Aldridge sued various physicians at Sheppard Air Force Base, Texas and other federal officials for negligence. *See Aldridge v. Secretary, Department of the Air Force*, Civ. No. 7:01-CV-0252-R (N.D.Tex. 2001) (*Aldridge I*). Among other things, Aldridge claimed that between 1986 and 1988, the defendants had negligently prescribed an excessive dosage of Halcion, a sleeping drug, to him. While that case was pending, Aldridge filed four other lawsuits in this court against the Secretary of the Air Force on related claims.[1] Those lawsuits were ultimately consolidated for convenience into *Aldridge I*.

*Aldridge I* proceeded for three years until Aldridge acknowledged by letter to the Court that

---

[1] Those cases were Civil Action Nos. 7:04-CV-0001, 7:04-CV-0098, 7:05-CV-065 and 7:05-CV-265.

1

he could not prove his claims and, therefore, requested voluntary dismissal of his lawsuit. (Dkt. No. 136, Civil Action No. 7:01-cv-252-R).  In that letter, he stated that he was "unable to establish from expert testimony any breach of standards, harm from a continued long term regimen of Halcion in 0.5 mg doses, or a clear causal connection between Halcion and harm which are factors which [he] must prove at trial..." *Id.*  Consequently, he asked the Court for permission to "withdraw" his complaint. *Id.*  The Court granted Aldridge's request for dismissal and entered a final judgment on November 23, 2004, thereby dismissing the case with prejudice.  (Dkt. No. 139, Civil Action No. 7:01-cv-252-R).

Aldridge has now filed this lawsuit, in which he asserts essentially the same claims that he rose in *Aldridge I*.  Again, he claims that he was prescribed too high a dosage of Halcion, and was injured as a result thereof.  (*See* Compl. at 1).  But instead of naming Air Force physicians as defendants, Aldridge now claims that the Air Force Surgeon General "took no action to call attention to his world wide health care network regarding [concerns with the 0.5 mg dosage of Halcion]." (Compl. at 2).

## II. ANALYSIS

Defendant has now moved to dismiss this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant claims that Aldridge cannot state a claim for which relief may be granted because this lawsuit is barred by *res judicata*.

### A. Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted.  *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  When ruling on a Rule 12(b)(6) motion,

the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle it to relief. *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994). The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims. *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex. 1997). "While the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *see also, Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002).

   In ruling on a Rule 12(b)(6), "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). The court may, however, "take judicial notice of documents in the public record, including documents filed with the Securities and Exchange Commission..., and may consider such documents in determining a motion to dismiss." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (citing *Lovelace*, 78 F.3d at 1017-18). The only limitation is that the documents "should be considered only for the purpose of determining what statements [they] contain, not to prove the truth of [their] contents." *Lovelace*,

3

78 F.3d at 1018 (citation omitted).

**B. Res Judicata**

As an initial matter, the Court may take judicial notice of matters that occurred in *Aldridge I* without converting Defendant's 12(b)(6) motion into a motion for summary judgment. *See Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 578 (N.D.Tex. 2005) (citing, *inter alia*, *Lovelace*, 78 F3d at 1017-1018).[2] After reviewing Aldridge's complaint and other documents in the public record – including the complaints filed in Aldridge's prior cases – the Court finds that this lawsuit is barred by the doctrine of *res judicata*.

The doctrine of *res judicata* (also known as "claim preclusion.") bars the litigation of claims that either have been litigated or should have been raised in an earlier lawsuit. *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir.1999). The doctrine operates to "foreclose[] the relitigation of claims that were or could have been raised in a prior action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004) (citation omitted). In this regard, the doctrine "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

To show that a claim is barred by res judicata, one must show the following: (1) the parties in both the prior suit and current suit are identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was a final judgment on the merits; and (4) plaintiff raised

---

[2]Normally, when "matters outside the pleadings" are submitted in support or in opposition to a Rule 12(b)(6) motion to dismiss, Rule 12(b) grants the courts discretion to accept and consider those materials but does not require them to do so. Fed. R. Civ. Proc. 12(b). That is of no concern here because the information that Defendant submitted with his motion was also contained in the public record and could be judicially noticed by the Court.

the same claim or cause of action in both suits. *Davis*, 383 F.3d at 313. With respect to the last element, the Fifth Circuit has adopted a "transactional" test for determining whether a whether two suits involve "the same claim or cause of action." *See Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Id.* at 395-96 (quoting Restatement (Second) of Judgments § 24(1) (1982)). The critical determination is "whether the two actions are based on the 'same nucleus of operative facts.'" *Id.* at 396 (quoting *In re Southmark Corp.*, 163 F.3d at 934).

After comparing Aldrige's complaint to the complaint that was filed in *Aldrige I*, the Court finds that Aldridge's complaint is barred by res judicata. First, the parties in this action are identical to the parties in *Aldridge I*. Although Plaintiff originally named the Secretary of the Air Force in *Aldridge I* as a defendant, the United States was later substituted as a defendant since Aldridge's principal claim arose under the Federal Tort Claim Act (FTCA), which does not permit federal officials from being sued in their individual capacity for negligence and other torts. By filing this lawsuit, Aldridge has filed a new FTCA claim against the federal government under the guise of an independent action for negligence against the Air Force Surgeon General. Second, it is undeniable a court of competent jurisdiction – this Court – rendered the prior judgment in *Aldridge I*. Third, the Court dismissed *Aldridge I* with prejudice, which constitutes a final judgment on the merits. (See Dkt. No. 139, Civ. No. 7:01-cv-252-R). An order of dismissal with prejudice constitutes a final judgment "on the merits" for *res judicata* purposes. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Lastly, this case does involve "the same nucleus of operative fact" as *Aldridge I* since it pertains to Plaintiff's alleged injuries from Halcion that was centrally at issue in that case.

5

Moreover, the Court cannot discern any justifiable reason for Aldridge to have delayed filing suit against the Air Force Surgeon General apart from the original defendants sued in *Aldridge I*. In his first lawsuit, Aldridge alleged that he was harmed by an excessive dosage of Halcion that was allegedly prescribed to him by military physicians between 1986 and 1988. His current claim arises out of the same facts, even though he has chosen to sue the Air Force Surgeon General for allegedly failing to discover the dangers of Halcion, which he alleges, proximately caused his injuries.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. The Court will issue a final judgment by separate order.

**IT IS SO ORDERED**

**ENTERED: August 14, 2006**

_____
**HON. JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**